IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MARISOL VEGA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **VALLEY VENTURE II, d/b/a** ) <br> **INTERSTATE APARTMENTS, an** ) <br> **unincorporated entity, RICHARD NUTT,** ) <br> **individually, and MICHELLE HARLAN,** ) <br> **individually,** ) <br> ) <br> **Defendant.** ) | **Case No.: 8:10cv429** <br><br> **PROTECTIVE ORDER** |

This matter is before the court on the parties' Motion and Joint Stipulation for Protective Order (filing 20). Plaintiffs and Defendants in this action seek discovery or documents, information, or other materials that may contain non-public, confidential and sensitive information of another party or of a third party. The parties wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way. In light of the nature of the non-public, confidential and sensitive information that may be sought in discovery, good cause exists for entry of a protective order.

Accordingly,

**IT IS ORDERED** that the disclosure and use of certain discovered information in this action is limited as follows:

1.  A party producing documents which it believes in good faith contain confidential information shall stamp the copies of such documents with an appropriate legend containing the substance of "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER." The parties receiving or reviewing such confidential documents, their attorneys, and retained experts shall treat such documents as confidential and shall not disclose them to, or discuss them with, anyone

except as provided in this Order. Disclosure of, or discussions about, confidential documents in violation of this Order shall be subject to the Court's authority to sanction under Fed. R. Civ. P. 37. Provided, however, that either party may challenge the propriety of a "confidential" designation and that, in the event of such a challenge, the party asserting confidentiality has the burden of proof to establish confidentiality.

  2.  Any and all medical records of the Plaintiff or any of the Plaintiff's children, regardless of the source, whether they are produced by the Plaintiff or by a non-party pursuant to a subpoena, are hereby declared confidential and shall be subject to the provisions of this Protective Order.

  3.  Documents subject to this Protective Order may be disclosed only to the following persons:

> The parties to this action, and their attorneys, and such attorneys' respective associates, clerks, legal assistants, stenographic personnel and experts retained to consult or to testify in the case.

Any party who intends to disclose confidential documents to a non-party shall first provide such non-party with a copy of this Protective Order.

  4.  Notwithstanding the provisions of paragraph 3, confidential documents may be used as exhibits during depositions in this case, provided, however, the reporter shall be instructed not to furnish copies of any such material or disclose its contents to any person other than counsel for the respective parties. To the extent that the transcript of any deposition, or exhibit thereto, incorporates information from a confidential document, such transcript or exhibit shall be subject to the terms of this Protective Order. Additionally, no confidential document shall be attached to a pleading, or any other document provided to the Court, without the other party's or parties' prior written consent, unless such pleading or other document is filed through the ECF system with restrictive access, so that only counsel for the parties and the court can access the document.

5. Counsel's agreement to this Order should not be construed as a waiver of objections to production or admissibility or as otherwise requiring the parties to produce such documents. This Order is intended to apply only to those documents which are required to be or are actually produced.

6. The provisions of this Order shall not terminate at the conclusion of this action. Unless otherwise agreed upon by the parties or otherwise determined by later order of this Court upon conclusion of this action, all documents covered by this Protective Order shall be returned to the party producing the documents or provide a certification of destruction. Copies of these documents provided to experts, consultants or the law firm representing a party shall be returned to the attorneys for the producing party at the conclusion of this action, or, at the option of the producing party, the producing party may require certification of the destruction of the produced documents. No copies of such documents shall be retained by such experts, consultants or others.

7. Subsequent to final disposition of this case, a party may seek leave to re-open the case to enforce the provisions of this Protective Order.

**Dated July 18, 2011.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**