IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARISOL VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10cv429 |
| | ) | |
| V. | ) | |
| | ) | |
| VALLEY VENTURE II, d/b/a | ) | **MEMORANDUM AND ORDER** |
| INTERSTATE APARTMENTS, An | ) | |
| Unincorporated Entity, RICHARD | ) | |
| NUTT, Individually, and | ) | |
| MICHELLE HARLAN, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

In this action, Plaintiff seeks, among other things, the recovery of punitive damages for Defendants' alleged violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*. Plaintiff has filed a motion (filing 30) requesting that the court order Defendants to respond to certain discovery requests by producing documents and information related to Defendants' financial condition. Plaintiff maintains that this information is relevant to the issue of punitive damages. Defendants object to the production of this information arguing that Plaintiff's requests are beyond the scope of discovery and that the court is currently without sufficient facts to properly analyze the punitive damages issue. For the reasons stated below, Plaintiff's motion will be granted, in part.

## ANALYSIS

"It is well-established that under federal law, evidence of the defendants' financial worth is relevant to a claim for punitive damages." *North Dakota Fair Housing Council, Inc. v. Allen*, 298 F.Supp.2d 897, 899 (D.N.D. 2004). Thus, "[t]he discovery of financial records of a defendant in order to prepare a case on the issue of punitive damages is permissible." *Id*. See also *Bessier v. Precise Tool & Eng'g Co., Inc.*, 778 F.Supp. 1509, 1514 (W.D. Mo.1991) (noting a plaintiff is "clearly entitled to the discovery of financial records of

defendant in order to prepare a case on the issue of punitive damages."). Despite the relevancy of this information, Defendants argue that Plaintiff has failed to allege sufficient facts in support of her punitive damages claim and as such, the discovery requests are premature and should be considered spurious at this time. Considering this argument, the court has reviewed the Complaint and concludes that Plaintiff has alleged facts sufficient to indicate a basis for punitive damages. *Hughes v. Groves*, 47 F.R.D. 52, 55 (W.D. Mo. 1969) ("No *prima facie* showing in punitive damages is required to justify discovery.")

Nonetheless, Defendants are correct in asserting that Plaintiff's requests are, in some respects, overly broad. Plaintiff requests financial information since January 1, 2007. However, only Defendants' current financial status is relevant to the issue of punitive damages. *See Hughes*, 47 F.R.D. at 55 ("Past earnings and worth cannot reasonably lead to relevant information on the issue of punitive damages."); *U.S. v. Autumn Ridge Condominium Ass'n, Inc.*, 265 F.R.D. 323 (N.D. Ind. 2009) (holding, in action brought under the Fair Housing Act, that only information concerning the defendants' current financial status was relevant to the issue of punitive damages.). Therefore, the court will limit discovery of all the requested information to a period from January 1, 2009 to the present. Additionally, the court will not order Defendants to disclose account numbers as requested by Document Production Request No. 19.

**IT IS ORDERED:**

1. Plaintiff's Motion To Compel Discovery Responses (filing 30) is granted, in part.

2. By or before January 7, 2012, Defendants shall produce the information responsive to the discovery requests that are the subject of Plaintiff's Motion to Compel, specifically, Interrogatory No. 4 and Request for Production Nos. 16-20 of Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, with the following exceptions and limitations:

    a. The responsive period for each discovery request is limited to a period

       from January 1, 2009 to the present.

    b.    Defendants shall not be required to identify specific account numbers as requested by Document Production Request No. 19. Responsive documents which contain this information may be redacted so as not to reveal account numbers.

3.    Plaintiff's request for an award of attorney's fees and costs incurred in filing her Motion to Compel is denied.

**DATED December 7, 2011.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**